KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ELIZABETH A. KIM (State Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

MICHAEL B. DESANCTIS (admitted *pro hac vice*)
michael.desanctis@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:  (202) 220-1100
Facsimile:   (202) 220-2300

KAREN R. THORLAND (CA Bar No. 172092)
karen_thorland@mpaa.org
MOTION PICTURE ASSOCIATION OF AMERICA, INC.
15301 Ventura Blvd., Building E
Sherman Oaks, California 91403
Telephone: (818) 935-5812

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Netflix Studios, LLC; Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Paramount Pictures Corporation; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Warner Bros. Entertainment Inc.<br><br>        Plaintiffs,<br><br>     vs.<br><br>Dragon Media Inc. d/b/a Dragon Box; Paul Christoforo; Jeff Williams.<br><br>        Defendants. | Case No. 2:18-CV-00230-MWF (AS)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge:  Hon. Michael W. Fitzgerald |

38792899.1

1    Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's April 19,

2    2018 Order (Dkt. No. 27), counsel for Plaintiffs and Defendants (jointly, the

3    "Parties") met and conferred on May 25, 2018, and hereby submit this Joint Rule

4    26(f) Report to the Court in advance of the June 11, 2018 Scheduling Conference.

5    **A.    <u>Statement of the Case</u>**

6    <u>Plaintiffs' Statement</u>:

7    Defendants sell the "Dragon Box," a device that Defendants market and

8    promote to their customers as a tool for accessing copyrighted content for free on

9    the Internet, thereby inducing the widespread infringement of Plaintiffs' copyrighted

10   movies and television shows.  Defendants' advertising and other public statements

11   have been completely candid about Defendants' unlawful objective.  Until Plaintiffs

12   filed this lawsuit, the home page of the Dragon Box website (and the websites of its

13   affiliates) told customers they could "Watch your Favourites Anytime For FREE,"

14   "Watch virtually every movie, Most in High Definition, TV Shows and Sports …

15   and much more."  And Defendants promote Dragon Box as the means to "cut your

16   cable & save money," and encourage customers to "Get rid of your Premium

17   Channels… [and] Stop paying for Netflix and Hulu."

18   The Dragon Box device and the software it runs on are designed, distributed,

19   maintained, and promoted for wholly unauthorized and infringing use.  Defendants

20   provide their customers with, and encourage them to use, the Dragon Box device to

21   access a tremendous number of copyrighted works streamed over the Internet.

22   Defendants encourage their customers to use their "Dragon Media" software, which

23   scours the Internet for sources of infringing content.   The Dragon Box then delivers

24   links to those sources to Defendants' customers, who access infringing streams of

25   Plaintiffs' copyrighted content.  The Supreme Court's unanimous decision in *Metro-*

26   *Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), makes it clear

27   that where, as here, a defendant distributes a product "with the object of promoting

28   its use to infringe copyright, as shown by clear expression or other affirmative steps

taken to foster infringement," the defendant "is liable for the resulting acts of infringement by third parties." *Id.* at 936-37. Defendants' intent to promote, induce, and foster infringement is manifest.

Defendant's Statement:

Defendants deny Plaintiffs' allegations.

**B.     Subject Matter Jurisdiction**

The Court has original subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501(b).

**C.     Legal Issues**

The primary legal dispute is whether Defendants induce the infringement of Plaintiffs' copyrighted works.

**D.     Parties, Evidence, etc.**

1.     Parties, including corporate parents

The Court's Scheduling Order asks the parties to "identify all subsidiaries, parents and affiliates." For each of the Plaintiffs, this would be a voluminous list. Accordingly, Plaintiffs list below the publicly held companies that are their ultimate corporate parents.

a) Plaintiff Netflix Studios, LLC is a wholly owned indirect subsidiary of Netflix, Inc., a publicly traded company;

b) Plaintiff Amazon Content Services, LLC is a wholly owned indirect subsidiary of Amazon.com Inc., a publicly traded company;

c) Plaintiff Columbia Pictures Industries, Inc. is a wholly owned indirect subsidiary of Sony Corporation, a publicly traded company;

d) Plaintiff Disney Enterprises, Inc. is a wholly owned subsidiary of The Walt Disney Company, a publicly traded company;

e) Plaintiff Twentieth Century Fox Film Corporation is a wholly owned indirect subsidiary of Twenty-First Century Fox, Inc., a publicly traded company;

f) Plaintiff Paramount Pictures Corporation is a wholly owned subsidiary of Viacom Inc., a publicly traded company;

g) Plaintiff Universal City Studios Productions LLLP is a wholly owned indirect subsidiary of Comcast Corporation, a publicly traded company;

h) Plaintiff Warner Bros. Entertainment Inc is a wholly owned indirect subsidiary of Time Warner Inc., a publicly traded company;

i) Defendant Dragon Media Inc. d/b/a Dragon Box is privately owned.

2.   <u>Witnesses</u>

Based on information currently known, Plaintiffs anticipate that percipient witnesses may include owners and executives of Dragon Media Inc., including but not limited to Paul Christoforo.

Plaintiffs anticipate presenting issues concerning copyright ownership and harm from Defendants' activity through corporate representatives.

Based on information currently know, Defendants anticipate that percipient witnesses may include owners, executives, employees, and/or agents of Netflix Studios, LLC; Netflix, Inc.; Amazon Content Services, LLC; Amazon.com Inc.; Columbia Pictures Industries, Inc.; Sony Corporation; Disney Enterprises, Inc.; The Walt Disney Company; Twentieth Century Fox Film Corporation; Twenty-First Century Fox, Inc.; Paramount Pictures Corporation; Viacom Inc.; Plaintiff Universal City Studios Productions LLLP; Comcast Corporation; Warner Bros. Entertainment Inc.; Time Warner Inc.; and other witnesses as they are discovered.

3.   <u>Key Documents</u>

Plaintiffs believe that key documents will include Defendants' advertising and promotional materials, communications with actual and prospective customers, software development and maintenance documents, and internal business plan and strategy documents.

Defendants believe that key documents will include Plaintiffs' advertising and promotional materials, communications with actual and prospective customers, software development and maintenance documents, and internal business plan and strategy documents.

**E.**     <u>**Damages**</u>

Plaintiffs seek damages under the Copyright Act.  Pursuant to 17 U.S.C. § 504(a), Plaintiffs have the right to elect, at any time before final judgment is rendered, to recover either their actual damages or statutory damages.  Plaintiffs have not yet made their damages election.

Plaintiffs also seek attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

**F.**     <u>**Insurance**</u>

Defendants do not possess an insurance policy to cover these claims.

**G.**     <u>**Motions**</u>

Plaintiffs expect to bring a summary judgment motion on Defendants' liability.

**H.**     <u>**Manual for Complex Litigation**</u>

The Parties do not believe that this case would benefit from reference to the procedures set forth in the Manual for Complex Litigation.

**I.**     <u>**Status of Discovery**</u>

The Parties have not yet started serving formal discovery requests.

Plaintiffs will serve formal discovery requests the week of May 28, 2018.

**J.**     <u>**Discovery Plan**</u>

Plaintiffs have proposed a fact discovery cut-off of October 16, 2018.  Plaintiffs expect to serve written discovery requests related to the issue of Defendants' liability and the willfulness of their conduct for purposes of the statutory damages available under 17 U.S.C. § 504(c).  Plaintiffs anticipate taking the depositions of the executives of Dragon Media Inc. d/b/a Dragon Box.  Plaintiffs also anticipate seeking third-party discovery from Defendants' business partners.

Defendants have proposed a fact discovery cut-off of December 14, 2018.  Defendants expect to serve written discovery requests related to Plaintiffs claims

1  and alleged damages as well as Defendants' denials and defenses.  Defendants

2  expect to take "PMQ" Depositions of Plaintiffs and third-parties as needed.

3  **K.    Discovery Cut-Off**

4      Plaintiffs propose a fact discovery cut-off of October 16, 2018.  Because

5  discovery has only just commenced, Plaintiffs must await the production of

6  documents responsive to their requests.  The discovery cut-off should include

7  sufficient time for Plaintiffs (1) to review Defendants' document production and

8  written discovery responses, and (2) if necessary, to file any motion to compel and

9  to receive any discovery ordered by any such motion.

10     Defendants propose a fact discovery cut-off of December 14, 2018.

11  Discovery has not yet commenced, and Defendants intend to propound written

12  discovery.  Such discovery will be essential to evaluating the claims of Plaintiffs and

13  preparing for the retention of experts.  Defendants are further optimistic that a

14  settlement on the matter can be reached and believe that a discovery cutoff later than

15  what Plaintiffs have suggested will facilitate the resolution of the matter.

16  Defendants request the opportunity to participate in an E.N.E. or settlement

17  conference earlier rather than later in the proceedings.

18  **L.    Expert Discovery**

19     Plaintiffs propose a date for initial expert witness disclosures of October 16,

20  2018 and for rebuttal expert witness disclosures of November 5, 2018.

21     Defendants propose a date for initial expert witness disclosures of December

22  14, 2018, and for rebuttal expert witness disclosures of January 12, 2019.

23  **M.    Dispositive Motions**

24     Plaintiffs anticipate filing a motion for summary judgment on the issue of

25  Defendants' liability.

26  **N.    Settlement/Alternative Dispute Resolution**

27     The Parties are exploring whether settlement is possible and have exchanged

28  draft documents.  The Parties expect to advise the Court at the Rule 26(f)

38792899.1

-6-

1 | Conference whether this case would benefit from a settlement conference or other
2 | form of early ADR.

**O.     Trial Estimate**

Plaintiffs demand a jury trial.  Plaintiffs estimate a trial time of 5 to 8 Court days, depending on the number of issues that may be resolved on summary judgment.

**P.     Trial Counsel**

Lead trial counsel for Plaintiffs will be Kelly M. Klaus.

Lead trial counsel for Defendants will be Matthew J. Faust.

**Q.     Independent Expert or Master**

The Parties do not believe this case calls for the appointment of an independent expert or master.

**R.     Timetable**

The Parties have set forth their respective position on a case timetable on the Court's Scheduling Worksheet, which is attached as Exhibit A.

**S.     Other issues**

The Parties do not at this time have other issues to raise with the Court.

DATED:  May 25, 2018                    MUNGER, TOLLES & OLSON LLP


By:     */s/ Kelly M. Klaus*
        KELLY M. KLAUS
        Attorneys for Plaintiffs

1  DATED:  May 25, 2018          SHARIF FAUST LAWYERS, LTD

2

3

4                                   By:  _____/s/ Matthew J. Faust_____
                                         MATTHEW J. FAUST
5                                   Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -8-

1

## **FILER'S ATTESTATION**

2

I, Kelly M. Klaus, am the ECF user whose identification and password are

3

being used to file this Joint Rule 26(f) Report.  Pursuant to Civil Local Rule 5-

4

4.3.4(a)(2)(i), I hereby attest that the other above-named signatory concurs in this

5

filing.

6

7

DATED:  May 25, 2018                      By:_____ */s/ Kelly M. Klaus*_____

8

                                        KELLY M. KLAUS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38792899.1

-9-