# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX STUDIOS, LLC, et. al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DRAGON MEDIAL INC.,<br>dba Dragon Box, et. al.,<br><br>　　　　　Defendants. | **CASE NO. CV18-0230-MWF (ASx)**<br><br>Referred for settlement proceedings to Magistrate Judge Alka Sagar<br><br>**ORDER RE SETTLEMENT CONFERENCE**<br><br>DATE:　　December 10, 2018<br>TIME:　　10:00 A.M.<br>PLACE:　　COURTROOM 540 |

A telephonic conference with counsel for the parties was held on November 30, 2018 regarding the referral of this case for settlement proceedings. The parties agreed to the following schedule for the settlement conference:

The Settlement Conference will be held on **Monday, December 10, 2018 at 10:00 a.m.**, **Courtroom 540 , 5th Floor, 255 East Temple Street, Los Angeles, California 90012.**

Magistrate Judge Alka Sagar will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are mandatory guidelines for the parties in preparing for the Settlement Conference.

## **PLEASE READ THIS ORDER CAREFULLY**

1.      The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2.      Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made during the settlement conference to the Court (including statements made in the parties' confidential settlement briefs regarding the parties' respective settlement discussions, demands and offers made prior to the settlement conference), the parties and/or their counsel shall be admissible in any proceeding in the case, unless the parties otherwise agree.  No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement agreement.

3.      The Court requires Counsel who will try the case to be present at the settlement conference. At least one representative, with full settlement authority on behalf of all the Plaintiffs, must be present with counsel Michael DeSantis.  Representatives for each Plaintiff, with full settlement authority to enter into a settlement agreement, must be available by telephone during the pendency of the settlement conference. A representative with full settlement authority on behalf of the Defendants must be present with counsel Matthew Faust.

**Counsel must ensure the Court that Plaintiffs  have full and final authority, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the Defendants' last offer made prior to the settlement conference. Defendants' representative must have final settlement authority to commit the defendants to pay, in the representative's discretion, a settlement amount recommended by the settlement judge up to the**

**plaintiffs' prayer (excluding punitive damage prayers), or up to the plaintiffs' last demand made prior to the settlement conference, whichever is lower.**

The purpose of this requirement is to have representatives present who can settle the case during the course of the settlement conference. **ANY VIOLATION OF THIS REQUIREMENT WILL CAUSE THE COURT TO CANCEL THE SETTLEMENT CONFERENCE.   IN ADDITION, COUNSEL AND/OR THE PARTY WHO VIOLATE THIS ORDER MAY BE SUBJECT TO SANCTIONS.**

4. Counsel must make arrangements for an interpreter to be present for any client or party representative requiring an interpreter to understand and meaningfully participate in the settlement conference. Any violation of this requirement will cause the Court to cancel the settlement conference and order the noncomplying attorney, party, or both to pay the costs and expenses incurred by other parties as a result of such cancellation and rescheduling. Any questions regarding the need for an interpreter must be directed to the Courtroom Deputy Clerk prior to the date of the conference.

5. Absent authorization from the Court, Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be canceled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling, as well as any additional sanctions deemed appropriate.

6. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within policy limits in this case, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, an amount recommended by the settlement judge within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, <u>in his or her discretion</u>, up to the plaintiffs' last demand

made prior to the settlement conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7.  The settlement judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments. Violation of this policy may be misleading and therefore a hindrance to settlement.

8.  The Court understands that the parties have engaged in oral and written good faith settlement negotiations to date. Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference. At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

**In addition, the Court ORDERS that the following occur prior to the settlement conference:**

**(a)  The parties must summarize all settlement efforts and proposals in their settlement conference letters to the Court. If the parties successfully resolve the case before the conference or determine that the conference should be postponed, counsel must immediately inform the courtroom deputy clerk. \**

9.  **No later than Thursday, December 6, 2018, at 4:00 p.m. PST, each party shall <u>submit a Confidential Settlement Conference Statement directly to the chambers of Magistrate Judge Sagar via  fax to (213) 894-2965 or email to AS_Chambers@cacd.uscourts.gov.</u>  The Statements should not be filed with the Clerk of the Court and will not be made part of the case file. The Statements shall be double-spaced and shall not exceed ten (10) pages in length**. Parties may attach exhibits that are relevant to settlement discussions. Copies of the confidential settlement conference statement need not be

served upon opposing counsel. Plaintiffs may elect to submit a collective statement setting forth their joint position regarding settlement.

The parties' respective Settlement Conference Statements shall include the following:

A. A brief statement of the facts of the case, including the party's claims and defenses. The statement should include citations to the applicable statutory or other grounds upon which claims or defenses are based. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B. <u>An ITEMIZED STATEMENT OF THE DAMAGES claimed, and of any other relief sought</u>. This is one of the most **critical** aspects of the party's statement. **Any statement which omits an itemized statement of damages will be considered a violation of this Order and may subject the party to sanctions.**

C. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

D. A history of past settlement discussions, offers and demands.

E. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

F. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

G. The party's evaluation of the terms on which the case could be settled <u>fairly</u>, taking into account the litigation position and settlement position of the other side.

10. In the event both parties <u>agree</u> that a settlement conference at this point in the litigation would not be meaningful, <u>after the above-described steps are completed</u>, the parties are instructed to telephone Judge Sagar's courtroom deputy clerk at (213) 894-1587 and inform her of this information. The Court will then schedule a telephonic conference to discuss the matter. The Court may also inquire of the parties, separately, upon receipt of the confidential settlement statements and/or schedule a telephone conference to discuss issues before the settlement conference.

11. Any failure of the trial attorneys, parties or persons with authority to attend the conference will result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference. Failure to timely deliver a Confidential Settlement Conference Statement or otherwise comply with this Order, will also result in sanctions being imposed.

12. At the commencement of the conference, Counsel should have available for the Court's review copies of all critical documents (i.e., pleadings, declarations or witness statements, business records, personnel files, etc.) in the case, as well as copies of all important witnesses' deposition transcripts, if a party believes such documents will assist in the evaluation of the case. If a party's settlement position is predicated on the recoupment or recovery of attorney's fees and/or costs, then its counsel should have available for the Court's review copies of billing records substantiating both the time expended and the expenses incurred.

13. If the parties reach a resolution of the case during the conference, the Court will ask counsel to summarize the key terms of the agreement on the record and may direct the parties to draft an appropriate memorandum. The Court encourages counsel to bring a proposed settlement agreement to the conference. If no resolution is reached, the Court will consult with the parties to determine whether an additional settlement conference is likely to be productive. By participating in the settlement conference, the parties understand and agree that the Magistrate Judge may continue to handle discovery motions and other pretrial proceedings in this action.

14. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. See Local Rule 16-15.7.

15. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

DATED:  November 30, 2018

                                           / s /
                                       ALKA SAGAR
                             UNITED STATES MAGISTRATE JUDGE

:   15