KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ELIZABETH A. KIM (State Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

MICHAEL B. DESANCTIS (admitted *pro hac vice*)
michael.desanctis@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Netflix Studios, LLC; Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Paramount Pictures Corporation; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Warner Bros. Entertainment Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Dragon Media Inc. d/b/a Dragon Box; Paul Christoforo; Jeff Williams.<br><br>Defendants. | Case No. 2:18-CV-00230-MWF (AS)<br><br>**PLAINTIFFS' MOTION TO SANCTION DEFENDANT PAUL CHRISTOFORO FOR FAILURE TO APPEAR AT NOTICED DEPOSITION [FED. R. CIV. P. 37(d)(1)(A)] AND MOTION TO COMPEL HIS DEPOSITION**<br><br>**DISCOVERY MATTER**<br><br>Judge:   Hon. Michael W. Fitzgerald<br><br>Magistrate Judge: Hon. Alka Sagar<br><br>Date: January 31, 2019<br>Time: 10:00 a.m.<br>Ctrm: 540<br>Fact Discovery Cut-off: Jan. 25, 2019<br>Expert Discovery Cut-off: Feb. 22, 2019<br>Pretrial Conference: May 13, 2019<br>Trial: June 4, 2019 |

40900198.2

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2019, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 540, 5th Floor, of the above-entitled court located at 255 E. Temple St., Los Angeles, CA, 90012, Plaintiffs Netflix Studios, LLC, Amazon Content Services, LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc., ("Plaintiffs"), will and hereby do move to sanction Paul Christoforo for failure to appear at his noticed deposition and to compel his attendance at a deposition.  Plaintiffs will be moving ex parte by separate application to shorten the briefing and hearing schedule for this motion so that it may be submitted to the Court for resolution with sufficient time for Plaintiffs to depose Christoforo prior to the January 25, 2019 fact discovery deadline if this motion is granted.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Michael B. DeSanctis and exhibits thereto filed concurrently herewith.

This Motion is made following Defendant counsel's refusal to comply with L.R. 37-1, pursuant to L.R. 37-2.4.  *See* Declaration of Michael B. DeSanctis (DeSanctis Decl.) ¶¶ 2-4.

DATED:  January 2, 2019         MUNGER, TOLLES & OLSON LLP


By: _____*/s/ Kelly Klaus*_____
    KELLY KLAUS
    Attorneys for Plaintiffs

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A) and Local Rule 37-2.4, Plaintiffs respectfully submit this motion to sanction Paul Christoforo for failure to appear at a noticed deposition and to compel his attendance at a deposition filed by Plaintiffs Netflix Studios, LLC, Amazon Content Services, LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc., ("Plaintiffs"). Because Defendants' counsel has refused to meet and confer with Plaintiffs regarding this matter, Plaintiffs have no other option than to file this motion absent a joint stipulation.

Defendant Paul Christoforo failed to appear for his properly noticed deposition on December 12, 2018 at 9:00 am, despite rescheduling the deposition multiple times. This time, defense counsel notified Plaintiffs on the eve of the deposition that Christoforo would not appear as planned. Plaintiffs incurred considerable expense preparing for this deposition, and the several schedule changes imposed significant inconvenience. Christoforo's game-playing demonstrates that he will not abide by the Rules that govern this litigation. Plaintiffs therefore move for an Order compelling Christoforo to appear for a new deposition as well as an Order sanctioning Christoforo and requiring him to pay Plaintiffs' "reasonable expenses, including attorney's fees," incurred because of Christoforo's litigation misconduct. Fed. R. Civ. P. 37(d)(1)(A), (d)(3).

### A. Christoforo's Repeated Attempts to Avoid Being Deposed

The Court is familiar with the background of this case. In brief, Plaintiffs sued Defendants for inducing the mass infringement of Plaintiffs' copyrighted motion pictures and television shows ("Copyrighted Works"). Defendants sell and support physical devices and online services ("Dragon Box") that enable Defendants' customers to receive infringing streams of popular movies and

television programming. Christoforo is the founder and CEO of the Dragon Box service.

Immediately after Plaintiffs sued, Defendants' counsel assured Plaintiffs that Defendants had stopped selling Dragon Boxes. In late October, Plaintiffs discovered that Defendants had resumed their Dragon Box business, partnering with another service, BlendTV, to provide Defendants' customers with infringing streams. Plaintiffs advised that they would immediately move for a preliminary injunction, after which Defendants claimed to have stopped using BlendTV on the Dragon Box devices. This was another ruse. Within just the past several weeks (launching a day after an unsuccessful mediation), Defendants have replaced BlendTV with yet another infringing partner, My TV Hub, that provides the same infringing services for Defendants' customers. Plaintiffs have asked Judge Fitzgerald to issue a TRO to stop Defendants' ongoing succession of illegal offerings.

Christoforo has used the same playbook for obfuscating his obligations throughout this litigation: delay, deceive, and disregard. Christoforo for months refused to produce highly relevant financial documents, claiming he had given them to his accountant, who was too busy to give them back or produce them to Plaintiffs. Plaintiffs were forced to file a motion to compel production of documents, which this court granted on December 12. Likewise, when Plaintiffs noticed Christoforo's deposition for October 29, he balked, claiming his lawyer was unavailable. Plaintiffs agreed to reschedule the depositions to the following week. Defendants' counsel again claimed unavailability. Plaintiffs agreed to move the deposition to December 12, just after a mediation before this Court on December 10. On the evening of December 10, after an unsuccessful mediation, Christoforo's lawyer announced that Christoforo would not appear at the noticed time because Christoforo would be filing a bankruptcy petition. Christoforo did not appear for his

deposition on December 12, but as of this filing he has not filed for bankruptcy protection.

### B. Defense Counsel's Refusal to Meet and Confer Regarding Christoforo's Failure to Appear for His Deposition

As required by Local Rule 37-1, Plaintiffs' counsel attempted to meet and confer with Defendants' counsel, Matthew Faust, prior to the filing of this motion. This Rule provides that "[u]nless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter ["identify[ing] each issue…in dispute" and] requesting such conference." Plaintiffs' counsel served such a letter on Mr. Faust on December 20, 2018. DeSanctis Decl. ¶ 2. Mr. Faust made no effort to meet or confer with Plaintiffs' counsel regarding these matters. Indeed, when Plaintiffs' counsel reached out to Mr. Faust requesting when he was available to meet and confer on December 27, 2018, Mr. Faust stated that he was "unavailable today to meet and confer" and offered to "discuss the deposition after [Mr. Christoforo's alleged bankruptcy petition is filed]…shortly after the New Year." DeSanctis Decl. ¶ 3.

Defense counsel's refusal to meet and confer with Plaintiffs in a timely manner is consistent with Defendants' general refusal to cooperate with their discovery obligations. As such, Plaintiffs have no choice but to file this motion. As a general matter the "Court will not consider any discovery motion in the absence of a joint stipulation." L.R. 37-2.4. An exception is made however, when a party provides "a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1." *Ibid.* Plaintiffs have provided such a declaration and request the Court grant them the relief sought in this motion. *See* DeSanctis Decl. ¶¶ 2-4.

## C. The Court Should Compel Christoforo to Appear for a Deposition

"Plaintiff[s] [are] entitled to depose defendants pursuant to Rule 30(a)(1)." *Square D. Co. v. Anderson*, No. S-08-1312, 2009 WL 4281968, at *2 (E.D. Cal. Nov. 24, 2009); *see also* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose…a party, without leave of court…."). In spite of Plaintiffs' best efforts, however, Christoforo continues to evade any attempts to depose him as discovery draws to a close on January 25, 2019. As such, Plaintiffs request that this court compel Christoforo to comply with his discovery obligations.

Federal Rule of Civil Procedure 37(a)(1) permits "a party [to] move for an order compelling disclosure or discovery." This Rule "encompasses an order to attend a deposition." *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222 (9th Cir. 2018); *see Reishus v. Almaraz*, No. CV-10-0760, 2011 WL 676920, at *2 (D. Ariz. Feb. 23, 2011) ("Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling the attendance of a party at a deposition upon notice to the other parties."). Plaintiffs request an order scheduling a deposition immediately, which is appropriate in light of Christoforo's conduct throughout this litigation, including his refusal to appear for his duly noticed deposition on December 12. *See Hupp v. San Diego Cty.*, No. 12-cv-0492, 2014 WL 1921769, at *3 (S.D. Cal. May 13, 2014) (granting motion to compel deposition where plaintiff "refused to attend his deposition and failed to provide the Court or Defendants any valid reason he could not attend" because the defendants are "entitled to discover Plaintiff's version of the events in order to properly to evaluate the case and their trial strategy"); *Taylor v. Walmart, Inc.*, No. 10cv01138, 2011 WL 4962836, at *1 (E.D. Cal. Oct. 18, 2011) (granting motion to compel deposition after Plaintiffs failed to attend properly noticed deposition).

### D. The Court Should Sanction Christoforo For Refusing to Appear As Noticed

"[Federal Rule of Civil Procedure] 37(d) allows [a] district court to impose sanctions…on a party who fails to appear for his own deposition after receiving proper notice." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985); *accord Sali*, 884 F.3d at 1222; *see also* Fed. R. Civ. P. 37(d)(1)(A) (noting that a court "may, on motion, order sanctions if…a party…fails, after being served with proper notice, to appear for that person's deposition").

Christoforo received proper notice that he was required to appear at a deposition on December 12, 2018. He failed to do so. The sole question is what sanction is appropriate to impose as a result of Christoforo's flagrant and willful violation of his discovery obligations.

The Court has several available options, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "rendering a default judgment against the disobedient party." *See* Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). "Instead of or in addition to these sanctions, [a] court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added); *see also Peyman v. Rayan*, No. 09-cv-01384, 2011 WL 976925, at *1 (D. Nev. Mar. 18, 2011). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171–72 (9th Cir. 1994), *as amended* (July 25, 1994). The court does not have to find that a party "acted in bad faith" before imposing sanctions. *Ibid.*; *see also Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton Cty.*, 527 U.S. 198 (1999). Christoforo's failure to

appear at his deposition was not substantially justified and there are no "other circumstances" that would render a fees and expenses award unjust. To the contrary, Christoforo's absence at his noticed December 12, 2018 deposition is nothing more than another example of his abandonment of his discovery obligations as has become commonplace in this case. Christoforo had not filed bankruptcy as of December 12 and thus had no plausible explanation for his refusal to appear for his deposition. Indeed, the *morning of* the deposition, Williams informed Plaintiffs' counsel that Christoforo had texted him the previous evening to request the deposition's location. As of today, it remains unclear if and when Christoforo actually intends to file for bankruptcy.

Christoforo has repeatedly ignored the requirements of civil discovery. Plaintiffs respectfully request that this Court sanction Christoforo pursuant to Rule 37(d)(1)(a) for his failure to appear at his noticed December 12 deposition, and award them attorneys' fees and expenses incurred in anticipation of taking the deposition, including costs associated with hiring a stenographer and videographer. *See, e.g.*, *Oram v. Dillon City Police Dep't*, No. CV-15-47, 2016 WL 3199068, at *2, *3 (D. Mon. May 9, 2016) (awarding "reasonable attorney fees and costs, including travel expenses, resulting from [a plaintiff's] failure to attend his deposition" and noting that if the individual sanctioned "wanted to be excused from attending his deposition, his remedy was to file a motion for a protective [order] under Fed. R. Civ. P. 26(c) before the scheduled deposition"); *Hart v. PAE Gov't Servs. Inc.*, No. S-10-1672, 2011 WL 2580389, at *3 (E.D. Cal. Jun. 28, 2011) (ordering plaintiff to reimburse defendant's counsel "to cover the cost of the court reporter and videographer…as well as…attorney preparation time in advance of the deposition" when plaintiff failed to appear at a noticed deposition); *Cooley v. Leung*, No. 10-cv-1138, 2013 WL 209730, at *2 (D. Nev. Jan. 16, 2013) (imposing sanctions including attorney's fees and court reporter costs after plaintiff failed to appear for noticed deposition). As explained in the attached declaration, these

expenses include $32,360.85 in attorney's fees and $743.90 in costs associated with the stenographer and videographer.

DATED:  January 2, 2019                              MUNGER, TOLLES & OLSON LLP

                                                      By:    */s/ Kelly Klaus*
                                                              KELLY KLAUS
                                                              Attorneys for Plaintiffs